IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DE'ANDRE GRAY                                                                           PLAINTIFF

v.                                          Civil No. 6:17-cv-6098

SHERIFF JASON WATSON,
Clark County, Arkansas; JAIL
ADMINISTRATOR DERRICK
BARNES; JAILER ALEX BOLZ;
JAILER LANE FUNDERBURK; and
JAILER ANDREW SAMUEL                                                                  DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 39). Plaintiff De'Andre Gray has not filed a response, and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims in this action arise from alleged incidents that occurred between December 9, 2016, and September 5, 2017, while he was incarcerated in the Clark County Jail ("CCJ").[1] Viewed in the light most favorable to Plaintiff, the relevant facts are as follows.[2]

---

[1] Plaintiff is currently incarcerated in the Arkansas Department of Correction – Ouachita River Unit – in Malvern, Arkansas.

[2] Defendants filed a statement of undisputed material facts along with the instant motion. Plaintiff did not respond to the motion or file a statement of disputed facts. On October 1, 2018, Defendants filed a Motion for Facts to be Deemed Admitted. (ECF No. 46). On October 10, 2018, the Court granted in part and denied in part that motion, finding that because Plaintiff's Complaint was verified, it could be construed as an affidavit for purposes of summary judgment. (ECF No. 49). *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 994-95 (8th Cir. 2001) (stating that a verified complaint is the equivalent of an affidavit for purposes of summary judgment). Therefore, the following facts are taken from Plaintiff's verified Complaint (ECF No. 1) and, where the two do not contradict one another, Defendants' statement of facts.

1

On December 9, 2016, Plaintiff was placed in lockdown for twenty days at the CCJ after he and another inmate violated disciplinary infractions B-13 (storing medication) and B-14 (possessing anything not authorized for retention or receipt by the inmate not issued to him by the CCJ staff or commissary service). (ECF No. 40-3). On May 27, 2017, Plaintiff was once again placed in lockdown following an altercation with Defendant Funderburk. This altercation resulted in charges being filed against Plaintiff for Impairing the Operation of a Vital Public Facility and Battery in the 2nd Degree, Class C and Class D felonies respectively. (ECF No. 40, p. 1). According to the Affidavit of Defendant Funderburk, Plaintiff "was only placed on twenty-four hour lock for a short period after becoming violent, refusing to follow orders, and attempting to throw [Defendant Funderburk] into a cell. [Plaintiff] was only locked down until the issue was resolved." (ECF No. 40-1, p. 1).

During standard lockdown, isolated inmates at the CCJ are allowed out of their cells for one hour each evening to shower, use the phones, or exercise. (ECF No. 40, p. 1). Inmates in lockdown are treated the same as other inmates in the CCJ, but are segregated from the general population and only allowed out of their cells after the general population is locked down for the evening. *Id.* The lights and toilets inside the lockdown cells are checked to ensure that they are in working order before an inmate is housed there, and the lights in the cell where Plaintiff was housed during lockdown were functional. In addition, the lights in the lockdown cells are turned on or off at the inmates' request. (ECF No. 40, p. 2). According to the CCJ's Policies and Procedures, inmates are given showers each Tuesday, Thursday, and Saturday. The inmates are not allowed to refuse showers and if they do, they are placed in lockdown until they agree to take a shower. (ECF No. 40-4, p. 1). Toiletries and hygiene products are passed out to inmates every Monday. *Id.* at p. 2.

In June 2017, Plaintiff received over-the-counter melatonin on four occasions. (ECF No. 40-5, p. 1). The only named Defendant to give Plaintiff this medication was Defendant Funderburk. *Id.* Jailers at the CCJ do not make any decisions regarding whether inmates receive medication, nor do

2

they have any input into what type of medication they receive. When medications are prescribed, they are placed in cups, separated by inmate block, and labeled with the inmate's name. Jailers distribute medications and ensure that inmates take them. (ECF No. 40-1, p. 1).

The CCJ's policy regarding the submission of medical requests and grievances states in relevant part:

> 1. If a Detainee needs to make a request or file a grievance, the Detainee is to be given the appropriate form and return it to the Jailer on Duty. When you receive one of these forms, make sure to put your name, date, and time on the form, then give it to the Administrator to be answered or passed on . . .
>
> 3. After the Detainees Request or Grievance has been answered, make copies of all Requests and Grievances and put a copy in their file and give a copy to the Detainee.
>
> 4. If a Detainee needs medical attention, [they are given] . . . a Medical Grievance form and have them fill it out. When the Jailer receives the completed Medical Grievance form, [they] fill out a Medical Treatment Sheet and hang it up in dispatch for Nurse Elkin to see on Tuesdays and Fridays.

(ECF No. 40-4, p. 4). Plaintiff's jail file contains no grievances and only one medical request submitted on November 17, 2018. (ECF No. 40-3, p. 2).

On September 19, 2017, Plaintiff filed this action against Defendants Watson, Barnes, Bolz, Funderburk, Samuel, and Jailer Sam Burdette.[3] (ECF No. 1). Plaintiff asserts three claims in his Complaint, only two of which are properly before the Court.[4]

In the first claim, Plaintiff alleges that Defendants Barnes, Bolz, Funderburk, and Samuel:

> denied [Plaintiff his] hygenial [sic] rights – Being locked in a dark cell . . . throughout a twenty-five day lockdown . . . [Plaintiff] asked to shower an[d] for hygiene products and was denied by jailors & jail administrator during twenty-five day period. [Plaintiff] had poor hygiene and [his] skin was irritated from poor hygiene. Being in a cell with no light [Plaintiff] couldn't see to eat, couldn't exercise religious rights and was on the

---

[3] On April 8, 2018, the Court dismissed Plaintiff's claims against Defendant Burdette based on Plaintiff's failure to provide an address for service on Defendant Burdette. (ECF No. 33).

[4] Plaintiff also asserted a claim for excessive force against Defendant Burdette. (ECF No. 1, p. 6). However, service was never perfected on Defendant Burdette and, thus, he was terminated as a defendant in this lawsuit on April 10, 2018. (ECF No. 33).

verge of mental breakdown.

(ECF No. 1, p. 4). Plaintiff does not specify the day, month, or year when this twenty-five day lockdown occurred. As to the second claim, Plaintiff alleges that Defendants Bolz and Funderburk "gave me medicine without me seeing a doctor . . . giving me unknown medications I experienced mood swings and unusual dreams." *Id.* at p. 5. Plaintiff proceeds against Defendants Watson, Barnes, Bolz, Funderburk, and Samuel in their official capacities only. *Id.* at p. 4-5. Plaintiff seeks compensatory and punitive damages. *Id.* at p. 7.

On September 6, 2018, Defendants Watson, Barnes, Bolz, Funderburk, and Samuel filed the instant motion. They argue that they are entitled to summary judgment because: (1) Plaintiff failed to exhaust his administrative remedies; (2) there is no basis for official capacity liability; (3) Plaintiff suffered no injuries as a result of being confined in lockdown; (4) they were not deliberately indifferent to Plaintiff's medical needs; (5) they did not restrict Plaintiff's exercise of religion; and (6) they are entitled to qualified immunity. (ECF No. 41).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby,*

4

*Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Plaintiff alleges that his constitutional rights were violated when he was put in lockdown in a dark cell for twenty-five days and was denied showers, hygiene products, and the right to exercise his religious beliefs during this time. In addition, Plaintiff claims he was given "unknown" medication without first seeing a doctor. As an initial matter, the Court will first address Defendants' argument that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies for his claims before filing this suit. If the Court finds this argument unavailing, the Court will then address Defendants' remaining arguments.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance

process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

The Eighth Circuit Court of Appeals, however, has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001)) (explaining that a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

The CCJ's procedure for submitting grievances and medical requests requires inmates to request a form and submit the completed form to the jailer on duty. Once a CCJ official responds, copies of the documents are made, with one copy being put in the inmate's jail file and the other being returned to the inmate. Here, Plaintiff has not alleged that any CCJ official prevented him from utilizing the grievance procedure or that the CCJ officials failed to comply with their grievance procedure. Consequently, neither of the exceptions to the PLRA exhaustion requirement apply in this matter.

In his Complaint, Plaintiff checked "Yes," indicating that he had filed grievances relating to his claims. (ECF No. 1, p. 2). The paragraph following this section in the Complaint provides the following instructions:

> If your answer is YES, attach copies of the most recent written grievance(s)/responses(s) relating to your claims showing completion of the grievance procedure. <u>FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.</u> If copies are not available, list the number assigned to the grievances(s) and the approximate date it was presented.

*Id.*

Plaintiff did not attach copies of any grievances to his Complaint, and he failed to provide descriptions of the grievances, such as date, time, or content. In addition, Plaintiff's jail file contains no grievances and only one medical request submitted two months after he filed this lawsuit. Without any information regarding Plaintiff's alleged grievances, the Court cannot find that he exhausted his administrative remedies prior to filing this case. Therefore, the Court finds that Plaintiff's claims are barred for failure to exhaust his administrative remedies and, thus, Defendants are entitled to summary judgment. As a result, it is not necessary to address the merits of Plaintiff's claims or the issue of whether Defendants are entitled to qualified immunity.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 39) is hereby **GRANTED**. Plaintiff's claims against Defendants Jason Watson, Derrick Barnes, Alex Bolz, Lane Funderburk, and Andrew Samuel are hereby **DISMISSED WITHOUT PREJUDICE**. A judgment of even date shall issue.

**IT IS SO ORDERED**, this 20th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge